# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HARRY KEVIN WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-02475-TWP-DLP |
| | ) |
| TERRY STIGDON, in her official capacity as | ) |
| Director of the Indiana Department of Child | ) |
| Services, KELLY McSWEEN, KRISTINE | ) |
| KILLEN, DAVID REED, HEIDI DECKER, | ) |
| SARAH SPARKS, JACOB MAY, and | ) |
| TERRY J. STIGDON, | ) |
| | ) |
| Defendants. | ) |

## ENTRY GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on a Partial Motion to Dismiss filed by Defendants Terry Stigdon (individually and in her official capacity as Director of the Indiana Department of Child Services) ("Stigdon"), Kelly McSween ("McSween"), Kristine Killen ("Killen"), David Reed ("Reed"), Heidi Decker ("Decker"), Sarah Sparks ("Sparks"), and Jacob May (collectively, the "Defendants") (Filing No. 88). Plaintiff Harry Kevin Wade ("Wade") alleges in his Third Amended Complaint, that his Fourteenth and First Amendments rights were violated when he was terminated from his employment due to the "arbitrary and capricious decision by the Defendants." (Filing No. 87 at 4.) Defendants move to dismiss Wade's Fourteenth Amendment due process claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court **grants** Defendants' Partial Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Third Amended Complaint

and draws all inferences in favor of Wade as the non-movant. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Lifeline Youth and Family Services ("Lifeline") contracts with the Indiana Department of Child Services ("DCS"), an agency of the State of Indiana, to provide services to its clients. In May 2015, Wade began working for Lifeline as a counselor to clients serviced by Lifeline. Defendants Stigdon, McSween, Killen, Reed, Decker, Sparks, and May each work for DCS. With the encouragement of DCS, Wade engaged in an 18 month program of "Family Centered Therapy" ("FCT") and became a certified Family Centered Therapist.

On January 18, 2018, DCS caseworker McSween asked Wade to begin FCT for a family with a transgender child. Wade informed McSween that "his personal background and beliefs as a Christian minister could serve to harm the therapeutic process because, as a Christian minister, his exposure to transgender individuals was non-existent, and his only frame of reference for such conditions was religious in nature. ([Filing No. 87 at ¶ 10](#).) The FCT process requires a significant amount of trust and openness, and Wade viewed his lack of exposure to transgender individuals as a potential issue that could make it difficult for him to effectively service this particular family.

On January 25, 2018, a letter was sent by Child Welfare Services, DCS, to Lifeline which stated that "Wade could have no further contact with DCS clients." *Id*. at ¶ 13. The letter was copied to Reed, Sparks and May. No reason was given for this decision other than an assertion that "DCS has become dissatisfied with the services provided by Mr. Wade." *Id*. at ¶ 14. DCS officials knew that the vast majority of Lifeline's referrals came from DCS and that he would necessarily lose his job if he was not allowed to have contact with DCS clients. *Id*. at ¶ 15. Shortly thereafter, Wade was terminated by Lifeline.

On August 10, 2018, Wade initiated this action. (Filing No. 1.) He filed his Third Amended Complaint against all Defendants on October 24, 2019 alleging Count One: Due Process Violation and Count Two: First Amendment Violation. (Filing No. 87.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Wade has not responded to the Defendants' Partial Motion to Dismiss which argues that his Due Process claim should be dismissed because Wade did not work for DCS or the State of Indiana, thus he cannot assert a property right against them, and he has failed to state a cause of action for his due process property right claim. Wade has conceded these points. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same). Even if Wade had addressed the Defendants' contention, the Court finds that the due process claim would fail on the merits.

"To demonstrate a procedural due process violation of a property right, the plaintiff must establish that there is (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process. Accordingly, a plaintiff asserting a procedural due process claim must have a protected property interest in that which [he] claims to have been denied without due process." *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). Therefore, to prevail on his due process claim, Wade "needs to identify a source, independent of the Due Process Clause, for the

protectable property interest [he] claims to have." *Price v. Board of Educ. of City of Chicago*, 755 F.3d 605, 608 (7th Cir. 2014).

In his Third Amended Complaint, Wade explains that the Fourteenth Amendment guarantees individuals the right to due process when a state or local government deprives them of life, liberty or property. He contends that each individual Defendant is employed by DCS and "each participated in the decision to bar him from counselling individuals referred by the Department." *Id*. at ¶ 22. Wade alleges he was terminated due to an arbitrary and capricious decision by DCS, he received no hearing or appeal, and thus he "was deprived of a property interest in his job with Lifeline. … without sufficient opportunity to be heard." (Filing No. 87 at ¶ 20.) He alleges that he "possessed a property right in his work to provide counselling … to individuals referred by DCS" and he was "deprived of a property right while acting under color of state law without any semblance of Due Process, as is required by the Fourteent[h] Amendment to the Constitution of the United States" as codified by 42 USC 1983. *Id*. at ¶¶ 24 and 26.

Wade is mistaken. Although the Fourteenth Amendment protects property rights, it does not create them. Instead, property rights "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *See, Frey Corp. v. City of Peoria*, 735 F.3d 505, 509–10 (7th Cir. 2013).

As argued by Defendants, Wade is attempting to assert a property right or interest that applies only to public employees. A property interest in public employment arises when the employee can show a legitimate claim of entitlement to continued employment. *Deen v. Darosa*, 414 F.3d 519, 527 (7th Cir. 2010). Wade cannot show that he was entitled to continued employment with the State of Indiana or DCS because he was not a public employee for either. Instead, Wade

5

worked for Lifeline as a counselor, and Lifeline had contracted to provide services to DCS. Under the circumstances alleged in the Third Amended Complaint, Wade cannot assert a property right against the Defendants. Accordingly, Count I: Due Process Violation, must be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons explained above, Defendants' Partial Motion to Dismiss Wade's due process property right claim ([Filing No. 88](Filing No. 88)) is **GRANTED and this claim is dismissed with prejudice**. Wade's First Amendment Violation claim remains pending for trial.

**SO ORDERED.**

Date: 2/19/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark R. Waterfill
Attorney at Law
mark@waterfilllaw.com

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL'S OFFICE
benjamin.ellis@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL'S OFFICE
joshua.lowry@atg.in.gov

Kelly Cochran
INDIANA ATTORNEY GENERAL'S OFFICE
kelly.cochran@atg.in.gov