UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HARRY KEVIN WADE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:18-cv-2475-TWP-DLP |
| | ) |
| | ) |
| **INDIANA DEPARTMENT OF** | ) |
| **CHILD SERVICES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Harry Kevin Wade, by counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, respectfully submits the following Reply Brief in support of his motion for summary judgment.

**I.
PLAINTIFF SUBMITTED AND RELIED UPON ADMISSIBLE EVIDENCE**

Contrary to Defendants' arguments, Plaintiff submitted relevant evidence in support of his motion for summary judgment and in support of his brief filed in response to Defendants' motion for summary judgment. Indeed, Plaintiff relied upon documentary evidence provided by Defendants during discovery; Plaintiff relief upon documents submitted by Defendants in support of their motion for summary judgment; and Plaintiff relief upon an affidavit that he provided based upon his personal knowledge. Therefore, Defendants' argument regarding Plaintiff's evidence is inapposite.

Federal Rule of Civil Procedure 56(c)(4) provides that any affidavit or declaration "used to support or oppose a motion for summary judgment must be made on personal knowledge, set

1

out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id*.; *Ross v. O'Hara*, 2019 WL 3410076, * 6 (N.D. Ind. July 29, 2019). Plaintiff's affidavit purports to have been signed and verified based upon his personal knowledge, and the evidence submitted and the testimony set forth in Plaintiff's affidavit substantiates the fact that the testimony contained within his affidavit is based upon his personal knowledge.

Defendants take issue with Plaintiff's affidavit in two regards, neither of which carry the day for their position. *First*, Defendants complain that Plaintiff does not specify the policies of which he was complained of violating. However, Plaintiff believes that it was clear that the policies referred to by him in his affidavit were clear: they were the policies cited by Defendants in their motion for summary judgment and of which he was accused of violating that led to his termination. *Wylie v. Brookdale Senior Living, Inc.*, 2019 WL 1746292,* 3 (S.D. Ind. Apr. 18, 2019)("To the extent that Plaintiff was not clear, he asserts that theses are the policies referred to in his affidavit. The party seeking summary judgment must file any evidence that is *not already in the record* that the party relies on to support the motion. Local Rule 56-1(a).")(emphasis added); *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.,* 301 F.3d 610, 613 (7th Cir. 2002)(stating that in ruling on a motion for summary judgment, "the court may consider any evidence that would be admissible at trial" and "[t]he evidence need not be admissible in form . . . but it must be admissible in content")).

*Second*, Defendants' complaint that Plaintiff's affidavit contains impermissible opinion testimony, specifically whether he violated the policies which led to his termination. Federal Rule of Evidence 701(a) allows a lay witness to provide opinion testimony that is limited to an opinion that is rationally based on the witness's perception. *Id*. "Lay opinion testimony most often takes

2

the form of a summary of firsthand sensory observations and may not provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or experts." *Tribble v. Evangelides*, 670 F.3d 753, 758 (7th Cir. 2012)(internal quotation marks and citation omitted).

In the instant case, Defendants argued extensively in their summary judgment briefs that Plaintiff violated DCS's policies and that these violations led to his termination. Defendants also note that Plaintiff was aware of these policies when he allegedly broke them. Therefore, Defendants have acknowledged that Plaintiff possessed the personal knowledge necessary to render his opinion that he did *not* violate any DCS policy. This fact coupled with Plaintiff's affidavit testimony that he *never* refused to provide counseling services to the transgender client referred to Lifeline by Defendant McSween shows that Plaintiff's testimony, at a minimum, raises a question of material fact sufficient to preclude summary judgment in Defendants' favor. Exhibit A at ¶ 15.

*Third*, to the extent that Defendants argue that the other evidence cited by Plaintiff does not support the argument tendered by him, Plaintiff responds that, at a minimum, the evidence cited raises a question of fact that would preclude summary judgment in Defendants' favor. Defendants' argument improperly invites this Court to make factual findings as to the credibility, interpretation, and weight that should be given to the cited evidence, and Plaintiff respectfully submits that such a task is for the jury, not for the Court on cross-motions for summary judgment. *Kurtzhals v. County of Dunn*, 969 F.3d 725, 727 (7th Cir. 2020)(holding that, on summary judgment courts "do not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." )(internal quotation omitted).

## II.
## *BRIDGES* PROVIDES THE APPLICABLE TEST

Next, Defendants argue that the Court should employ the *Pickering* balancing test in deciding the Parties' cross-motions for summary judgment, not the test set forth by Plaintiff as recited by the United States Court of Appeals in *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Defendants contend that their position is supported by the United States Supreme Court's holding in *Board of County Com'rs, Wabausee County, Kansas v. Umbehr*, 518 U.S. 668 (1996). Plaintiff asserts that this Court should apply the *Bridges* test in resolving this case.

As Plaintiff argued in his summary judgment brief, Defendants want it both ways. When Defendants wanted the Court to dismiss his Due Process Claim, they took the position that Plaintiff had no grounds to assert such a claim because he was not an employee of the State of Indiana or DCS. Now, Defendants want the Court to rule that Plaintiff cannot prevail because he was a *de facto* employee *via* his contractual status with the DCS. The Court should not permit Defendants to have it both ways.

The Seventh Circuit held in *Bridges* that, in order "[t]o prevail on a First Amendment retaliation claim, [a plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." As explained in his summary judgment brief, Plaintiff has satisfied this test and is entitled to summary judgment as a result.

However, to the extent that the Court finds that the *Pickering* balancing test is the appropriate one to apply to this case, the Court should deny the cross-motions for summary judgment. In *Umbehr*, the Supreme Court held the First Amendment protects independent contractors from the termination or prevention of automatic renewal of at-will government

4

contracts in retaliation for their exercise of the freedom of speech. *Id*. at 668.  The Seventh Circuit summarized this test as follows:

> There are at least two routes to *Pickering* balancing. *See City of San Diego v. Roe*, 543 U.S. 77, 80, 125 S. Ct. 521, 160 L.Ed.2d 410 (2004).  The better traveled leads across the double threshold established by *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), and *Garcetti v. Ceballos*, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).  The employee must show under *Garcetti* that she spoke as a citizen rather than an employee, 547 U.S. at 418, 126 S.Ct. 1951, and under *Connick* that she spoke on a matter of public concern rather than "matters only of personal interest." 461 U.S. at 147, 103 S. Ct. 1684.

*Harnishfeger v. United States*, 943 F.3d 1105, 1113 (7th Cir. 2019).

Here, what Defendants have ignored from the very initial encounter is that Plaintiff never advised, instructed, or informed Defendants that he could not perform his counseling job to any DCS client due to his religious beliefs.  On the contrary, both Plaintiff' affidavit and the emails provide on summary judgment show that Plaintiff said that he would be willing to provide the counseling services.  Plaintiff was simply informing Defendants of his religious beliefs in the event that Defendants wanted to obtain a different counselor for the client.  At all times, Plaintiff agreed to provide counseling services, and he never indicated that he would allow his personal beliefs to interfere with his job.

Nevertheless, Defendants took it upon themselves to see to it that Plaintiff was fired—not because he told them that he could not do his job but because he told them of his religious beliefs.  In this regard, Plaintiff was speaking on a matter of public concern and not simply as an employee or as an independent contractor for DCS.  Accordingly, the Court should either grant Plaintiff's motion for summary judgment or deny both cross-motions for summary judgment.

## III.
## DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Finally, Defendants are not entitled to qualified immunity. "The affirmative defense of qualified immunity protects government officers from liability for actions taken in the course of their official duties if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The focus of the qualified immunity defense is on whether the official had fair notice that his conduct was unlawful, and therefore, "reasonableness is judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes*, ___ U.S. ___, 138 S. Ct. 1148, 1152 (2018)(per curiam).

The Seventh Circuit employs a two-prong test to determine if qualified immunity applies: "(1) whether the facts, viewed in a light most favorable to the injured party, demonstrate that the conduct of the [defendant] violated a constitutional right, and (2) whether that right was clearly established at the time the conduct occurred." *Hardaway*, 734 F.3d at 743 (*citing Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "To be 'clearly established,' a right must be defined so clearly that every reasonable official would have understood that what he was doing violated that right." *Dibble v. Quinn*, 793 F.3d 803, 808 (7th Cir. 2015). "The right allegedly violated must be established not as a broad general proposition but in a particularized sense so that the contours of the right are clear to a reasonable official." *Id.* (internal quotation marks omitted); *White v. Pauly*, ___ U.S. ___, 137 S. Ct. 548, 552 (2017)(*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)).

The plaintiff bears the burden of showing that the constitutional right at issue was clearly established. *Doe v. Village of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015). To meet this burden, the plaintiff must establish that the alleged misconduct was an obvious violation of a constitutional right or that a court has upheld the purported right in a factually similar case. *Id.* In

some instances, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question." *Kristofek*, 832 F.3d at 798 (*quoting Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). Previous cases need not be "fundamentally similar" or "on all fours" with the present facts before defendants will be held to know that their conduct was unlawful. *McGreal v. Ostrov*, 368 F.3d 657, 683 (7th Cir. 2004).

As explained in his other summary judgment briefs and *supra*, the facts show that Defendants retaliated against him because of his religious beliefs and the expression of those religious beliefs. At all times relevant to this case, "the law [wa]s settled that . . . the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out." *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012)(*quoting Hartman v. Moore*, 547 U.S. 250, 256 (2006)); *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)(explaining that because the First Amendment protects the "right to petition the government for the redress of grievances," a state agency's "growing hostility" and actions "to drive [a regulated entity] out of business" as a result of the entity's "numerous challenges to the state regulatory scheme" would violate the First Amendment). Therefore, Defendants are not immune from this suit based upon the doctrine of qualified immunity.

WHEREFORE, Plaintiff Harry Kevin Wade, by counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, respectfully moves the Court to enter judgment in his favor and against Defendants on his First Amendment retaliation claim as alleged in his Third Amended Complaint, ask the Court to deny Defendants' cross-motion for summary judgment, ask the Court to set this matter for trial on the issue of damages, and asks the Court to grant him all other just and proper relief.

Respectfully submitted,

/s/ Mark R. Waterfill

Mark R. Waterfill, #10935-49
Mark R. Waterfill, Attorney at Law, P.C.
2230 Stafford Rd., STE 115, PMB 379
Plainfield, IN 46168
(317) 501-6060
mark@waterfilllaw.com

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was sent to all counsel of record *via* the Court's electronic filing system on this 2nd day of November 2020.

/s/ Mark R. Waterfill
Mark R. Waterfill, Atty. No. 10935-49